opinion of the court
Karen K. Peters, J.
By order to show cause, signed by this court on March 7, 1983, petitioner, who resides with the younger child of the parties in Ulster County, initiated this action to modify the support and visitation provisions contained in a judgment of divorce entered by the Supreme Court of the State of New York, County of Essex, on September 17, 1982. Prior to the date of the application of petitioner, the respondent, who resides with the older child of the parties in Essex County, which was also the matrimonial domicile, made application to modify the custody provisions and enforce the visitation provisions of the judgment of divorce in the Family Court of Essex County. The petitioner received notice and appeared in that action prior to initiating the *403 action in Ulster County. The Essex County Court issued a temporary order directing visitation on December 15, 1983, yet the moving papers of the petitioner failed to give notice to the court that the matter pending in Essex County was concerned with visitation or that a temporary order in regard to visitation had been made by that court.
Subsequent to the signing of the order to show cause in . Ulster County, but prior to scheduling a hearing of the Ulster County matter, the petitioner appeared on March 22, 1984 with counsel for a fact-finding in the Essex County matter and reached agreement with regard to the custody of the oldest child and visitation with the youngest child, which were the issues raised in that matter. The agreement, which was incorporated in an Essex County Family Court order which was entered on April 23, 1984 gave custody of the oldest child of the parties to the father and enforced the visitation provision in the judgment of divorce in regard to the younger child of the parties.
A conference for attorneys was held in this matter on April 5, 1984 in Ulster County Family Court, at which time the court discussed the question of the appropriateness of the Ulster County Family Court exercising jurisdiction in the instant matter. Subsequently, the attorney for the petitioner submitted a memorandum of law in support of the proposition that the court decide the questions presented in the instant matter. Attorney for the respondent submitted a reply in opposition.
This court finds that the Ulster County Family Court has jurisdiction regarding the petition to modify support as provided in the judgment of divorce pursuant to section 461 of the Family Court Act which provides that “supreme court on its own motion or on motion of one of the parties may refer an application for temporary or permanent support or both of a child of the marriage to the family court.” As the judgment of divorce did not provide that the Supreme Court retained exclusive jurisdiction of all applications for enforcement and/or modification of the provisions of the decree, this application for modification of the support provisions is deemed to be before the Family Court on reference from the Supreme Court.
*404 Venue for actions pursuant to section 461 of the Family Court Act is determined by subdivision (c) of section 469 of the Family Court Act which provides that section 421 of the Family Court Act applies to such actions. Both parties are in agreement that this petition does not satisfy the venue requirements of section 421.
Thus, the petition for modification of support as provided for by the judgment of divorce must be transferred pursuant to section 174 of the Family Court Act which mandates that the Family Court transfer a proceeding laying venue in the wrong county. This action must be transferred to Essex County, the residence of the respondent and the only county which may exercise jurisdiction over these parties in regard to support matters. The court rejects petitioner’s argument that it may modify support based upon section 171 of the Family Court Act. The petition prays for modification of a Supreme Court order, not a Family Court order. In addition, section 171 of the Family Court Act must be interpreted in conjunction with section 174 and other venue provisions of the act.
The petition for modification of visitation as provided in the judgment of divorce is before the Family Court pursuant to subdivision (b) of section 652 which provides that “unless the supreme court provides in the order or judgment awarding custody or visitation in an action for divorce, separation or annulment, that it may be enforced or modified only in the supreme court, the family court may * * * (ii) determine an application to modify the order or judgment awarding custody or visitation upon a showing that there has been a subsequent change of circumstances and modification is required.”
The requirement of a change of circumstance for matters pursuant to subdivision (b) of section 652 of the Family Court Act was recently reiterated by this court in an unpublished decision which stated that the language of this section is consistent with the decision of Friederwitzer v Friederwitzer (55 NY2d 89) and that the court should give significant weight to a prior award or agreement in determining the best interests of the child. (Milch v Burton, Family Ct, Ulster County, May 17, 1984, Peters, J.)
*405 The Friederwitzer decision (supra) stressed that the petitioner need not allege extraordinary change in circumstances during the period of time subsequent to the prior award or agreement for the court to have authority to modify custody or visitation provisions and that prior custody/visitation decisions were never res judicata with regard to requests for modification. The decision went on to say that the court should consider the totality of circumstances in existence at the time of the application for modification and that it should ultimately reach a decision which it believes to be in the best interests of the child. Among the factors to be considered are the existence of a prior award or agreement and the value of stability in parent/child relationships. The court cautions (supra, p 96) that “[t]his, of course, does not mean that a * * * court * * * has the authority to change custody simply because change is requested, but that it has the discretion to do so when the totality of circumstances, including the existence of the prior award, warrants its doing so in the best interests of the child.”
As previously recited, in the instant matter, there was a prior application to modify custody and visitation by the respondent in Essex County which at an appearance scheduled for a fact-finding at which both parties were represented by counsel resulted in an order on consent modifying custody in regard to one child and enforcing visitation as provided in the judgment of divorce in regard to the other child.
The instant petition does not allege a change in circumstance subsequent to the agreement of the parties in the Essex County matter. In fact, the allegations in the petition in regard to changes in circumstance subsequent to the judgment of divorce but prior to the Essex County matter appear to be changes for which petitioner was primarily responsible, i.e., if the petitioner had not moved from Essex County, she would not have incurred the cost of transportation nor would the other conflicts referred to in the petition have developed. Most significantly, however, the circumstances were in existence at the time of the Essex County matter which was also concerned with visitation, and yet, the petitioner agreed to continue visitation *406 for the respondent as provided by the judgment of divorce. Therefore, the court is of the opinion that the petitioner has not alleged any reason to justify a reconsideration at this time of the visitation order entered upon consent of the parties by the Essex County Family Court. Therefore, the petition as regards the request for modification of visitation is dismissed.